**Slip Op. 08-93**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| WESTERN POWER SPORTS, INC., | |
| Plaintiff, | Before: Richard W. Goldberg |
| | Senior Judge |
| v. | |
| UNITED STATES, | Court No. 06-00242 |
| Defendant, | |

**OPINION**

[Customs' Cross-Motion for Partial Summary Judgment is Granted.]

Date: September 9, 2008

<u>Joel R. Junker & Associates</u> (<u>Joel R. Junker</u>) for Plaintiff Western Power Sports, Inc.

<u>Gregory G. Katsas</u>, Assistant Attorney General; United States Department of Justice; <u>Jeanne E. Davidson</u>, Director, <u>Patricia M. McCarthy</u>, Assistant Director, <u>Barbara S. Williams</u>, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (<u>Edward F. Kenny</u>) for Defendant United States.

**Goldberg, Senior Judge**: This matter is before the Court on Plaintiff Western Power Sports, Inc.'s ("**Western Power**") motion for partial summary judgment and Defendant United States Customs and Border Protection's ("**Customs**") cross-motion for partial summary judgment. For the reasons that follow, the Court grants Customs' cross-motion for partial summary judgment.

## I.   BACKGROUND

On November 15, 2005, Western Power imported certain items of men's clothing ("imports") which it claimed originated from Hong Kong.  On February 2, 2006, Customs asked Western Power for additional documentation supporting its country of origin declaration.  In response to Customs' request, Western Power produced delivery records, employee time cards, and other production-related documents.  Customs, however, determined that these documents failed to substantiate Western Power's declaration and issued a Notice of Redelivery ("**Notice**").  Western Power protested arguing that it had sufficiently established Hong Kong as the country of origin.  Customs denied this protest ("**Protest Denial**") based upon its determination that Western Power's documentation was falsified.  Customs then issued a Notice of Liquidated Damages Incurred and Demand for Payment due to Western Power's failure to redeliver its merchandise to Customs.

In its original complaint, Western Power's sole claim was that Customs had incorrectly rejected its country of origin declaration.  Subsequently, Western Power amended its complaint to allege that Customs' Notice and Protest Denial violated its constitutional and administrative rights by failing to specifically list the reasons for its rejection of Western Power's country of origin declaration.  Western Power and

Customs now move for partial summary judgment on this procedural claim.

## II.  JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1581(a) (2000).  When presented with a motion for summary judgment, the Court is to determine "whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Summary judgment is appropriate even when there are factual disputes if: (1) the moving party has met its burden for summary judgment; and (2) the evidence favoring the nonmoving party is "merely colorable" or "not sufficiently probative."  See id. at 249-50.

## III.  DISCUSSION

Western Power argues that Customs' Notice and Protest Denial violated its constitutional and administrative rights. These arguments are addressed in turn.

### A.  Customs Did Not Violate Western Power's Constitutional Due Process Rights

Western Power claims that both Customs' Notice and Protest Denial were constitutionally deficient as they failed to provide Western Power with adequate notice and opportunity to respond. Specifically, Western Power argues that Customs erred in failing to explain the rationale underlying its rejection of Western

Power's country of origin declaration.[1]  However, Western Power

asks for a more stringent analysis than is constitutionally

required.  To satisfy the requirements of Fifth Amendment

procedural due process, agency notice is only required to: (1)

alert interested parties of the issue at hand; and (2) provide a

reasonable opportunity for the recipient to object to the issues

raised.  See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S.

306, 314-15 (1950).  In short, procedural due process only

requires that within the context of the notice, the surrounding

context would alert a reasonable importer to the issue at hand.

Essex Mfg., Inc. v. United States, 27 CIT 630, 650, 256 F. Supp.

2d 1285, 1303 (2003).

Here, both Customs' Notice and Protest Denial met the

requirements of procedural due process.  First, Customs' Notice

was sufficient as it identified the entry number, the date of

entry, and provided a general description of the merchandise it

wanted redelivered.  Customs' Notice also explained that the

agency was acting pursuant to 19 C.F.R. § 141.113(b), which

provides that Customs may recall textile goods imported to the

United States within 180 days of their release if it determines

---

[1] Western Power and Customs also dispute whether the company had a property interest meriting due process protection.  The Court need not address this issue because even if Western Power had a cognizable property interest, its argument would still fail as Customs' Notice and Protest Denial met constitutional standards.

the country of origin was misrepresented. See 19 C.F.R. § 141.113(b) (2005).  Thus, Customs' Notice was sufficient to alert Western Power of the issue at hand and to provide reasonable opportunity for the company to respond.  Similarly, Customs' Protest Denial was constitutionally sufficient. Customs provided its reasons for denying Western Power's protest—explaining that the documentation did not substantiate the country of origin determination.  Customs' Protest Denial also informed Western Power of its right to object to its findings and to file an appeal to preserve its rights, which the company eventually did.  Accordingly, Western Power's procedural due process claim lacks merit.

**B. Customs Did Not Violate the Principles of Administrative Law**

Western Power also claims that Customs' Notice and Protest Denial violated the fundamental principles of administrative law.  Specifically, Western Power contends that Customs is required to provide its rationale for rejecting Hong Kong as its imports country of origin to satisfy the requirements of administrative law.  This argument also fails.  Western Power is unable to point to any specific regulations or statutes violated by Customs.  In fact, the only regulation referenced by Western Power is 19 C.F.R. § 174.30, the procedure governing protest denials.  Section 174.30 requires that Customs' Protest Denial

shall include "a statement of the reasons for the denial, as well as a statement informing the protesting party of the right to a civil action contesting the denial of the protest under section 514." Id. Customs Protest Denial complied with these requirements as well as it provided its reason for denying the protest—that the documentation did not substantiate Western Power's country of origin declaration. Customs' Protest Denial also informed Western Power of its right to appeal to this Court, and thus satisfied both agency regulations and any constitutional requirements. No similar regulation or statute was referenced regarding Customs' Notice.

Even if Western Power's administrative arguments were valid, the company still failed to demonstrate that any prejudice resulted from Customs' actions. A court will not set aside an agency action for procedural errors unless the errors "were prejudicial to the party seeking to have the action declared invalid." Woodrum v. Donovan, 4 CIT 46, 52, 544 F. Supp. 202, 207 (1982). In Sea-Land Service, Inc. v. United States, the Court upheld the sufficiency of several protest denials despite their failure to provide the reason for the denials and to inform the importer of its right to appeal as required by statute. 14 CIT 253, 155—56, 735 F. Supp. 1059, 1062—64 (1990). Despite the clear deficiency of the protest denials, the Sea Land Court refused to vacate the penalties

imposed because the importer was aware of its right to bring suit, and thus had not been prejudiced by the administrative oversight. Here, Western Power is similarly unable to demonstrate prejudice as the company timely filed suit before this Court. Accordingly, Western Power's administrative law claim fails.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Custom's cross-motion for partial summary judgment.

<u>/s/ Richard W. Goldberg</u>
**Richard W. Goldberg**
**Senior Judge**

**Date:       September 9, 2008**
             **New York, New York**